## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

AARON BLAKE ROBERTSON,   :
  Plaintiff,      :
           :
 v.          :  **No. 24-cv-0444**
           :
EDWIN GEORGE PFURSICH, IV, *et al.*, :
  Defendants.     :

### <u>MEMORANDUM</u>

Joseph F. Leeson, Jr.          **February 9, 2024**
United States District Judge

   Plaintiff Aaron B. Robertson, a prisoner currently incarcerated at SCI Dallas, brings this civil action based on events that occurred in his criminal case in Lancaster County.  Named as Defendants are Edwin George Pfursich, IV, and Jacqulyn E. Pfursich.  Robertson seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Robertson leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.  FACTUAL ALLEGATIONS[1]

   After entry of a negotiated guilty plea on charges of murder of the third degree and aggravated assault, Robertson was sentenced to a minimum of six years to a maximum of twelve years imprisonment.  *See Commonwealth v. Robertson*, CP-26-CR-0004246-2021 (C.P. Lancaster).  His Complaint in this Court alleging civil rights violations and state law claims is based on events that occurred during his prosecution in state court while he was represented by

---

[1]  The factual allegations set forth in this Memorandum are taken from Robertson's Complaint (ECF No. 2) and publicly available dockets.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).

Mr. Pfursich.  (*See* Compl. at 2, 4, 8, 9.)[2]  Robertson alleges that Mr. Pfursich misled him, which

caused Robertson to accept a plea deal that was not in his favor.  (*Id.* at 9, 14, 18-20, 22.)  In

particular, Robertson alleges that Mr. Pfursich was negligent because he missed deadlines,

committed fraud by lying to Robertson, breached his fiduciary duties to Robertson, breached a

contract, and withheld information from him.  (*Id.* at 14, 18-20, 22.)  Robertson further alleges

that Defendant Jacqulyn E. Pfursich is the Clerk of Court in Lancaster County (*id*. at 2), and the

"Clerk of Courts withheld information, an[d] was investigated for taking home high profile cases

and taking them home."[3]  (*Id.* at 22.)

Robertson claims that his mental health has suffered due to Mr. Pfursich's actions and

that he could have taken "a lesser charge" had he been properly advised.  (*Id.* at 5, 18-19, 22.)

As relief, he seeks $20.5 million in damages.  (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Robertson leave to proceed *in forma pauperis* because it appears

that he is incapable of paying the fees to commence this civil action.[4]  Accordingly, 28 U.S.C. §

1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint

fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is

governed by the same standard applicable to motions to dismiss under Federal Rule of Civil

Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which

---

[2] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[3] Robertson lists Ms. Pfursich's job title as "Clerk of Courts" and address as 50 North Duke
Street, P.O. Box 85480, Lancaster, Pennsylvania, which is the address of the Lancaster County
Courthouse.  (*See* Compl. at 2.)

[4] However, since Robertson is a prisoner, he will be obligated to pay the filing fee in installments
in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Robertson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant

cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.    Federal Civil Rights Claims

While Robertson's Complaint contains lengthy legal arguments in support of his contentions, the allegations are sparse. The Court understands Robertson to raise constitutional claims under 42 U.S.C. § 1983 pursuant to the Court's federal question jurisdiction. (*See* Compl. at 3.) Section 1983, the vehicle by which federal constitutional claims may be brought in federal court, "does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff

must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."  *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).  Additionally, in a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  For the following reasons, Robertson's § 1983 claims are not plausible.

### 1.      Claims Against Edwin Pfursich, Esquire

Robertson's claims against Mr. Pfursich derive from his allegedly ineffective representation of Robertson in the state criminal case.  To the extent Robertson seeks to bring constitutional claims against Mr. Pfursich for his role as defense counsel, such claims are not plausible because an attorney performing the traditional functions of counsel – whether privately retained, court-appointed, or a public defender – is not a state actor for purposes of § 1983.  *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding.”); *Clark v. Punshon*, 516 F. App’x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a

court-appointed attorney is not a state actor for purposes of § 1983).  “Attorneys performing their

traditional functions will not be considered state actors solely on the basis of their position as

officers of the court.”  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999);

*see also Webb v. Chapman*, 852 F. App’x 659, 660 (3d Cir. 2021) (*per curiam*) (“[A]ttorneys

representing individuals in criminal proceedings generally are not state actors for purposes of §

1983.”); *Singh v. Freehold Police Dep’t*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May

10, 2022) (“Plaintiff[’s] dissatisfaction with the representation provided by Mr. Moschella does

not provide a basis for a civil rights claim against him.”).  Accordingly, Robertson’s § 1983

claims against Mr. Pfursich will be dismissed for failure to state a claim.

### 2. Claims Against Jacquelyn E. Pfursich

Robertson’s claim against Ms. Pfursich is far too “vague and ambiguous” to proceed as

pled.  *See Garrett*, 938 F.3d at 94.  Robertson identifies Ms. Pfursich as the Clerk of Court and

provides the address of the Lancaster County Courthouse for her.  (*See* Compl. at 2.)  He alleges

that the “Clerk of Courts[,] withheld information, an[d] was investigated for taking home high

profile cases and taking them home.”  (*Id.* at 22.)  Robertson simply has not explained what,

specifically, Ms. Pfursich is alleged to have done or failed to do, that resulted in a violation of his

constitutional rights.  The circumstances surrounding the alleged constitutional violation remains

entirely unclear.

Reading the Complaint as a whole, and construing it in a light most favorable to

Robertson, the Complaint, fails to comply with Rule 8 and lacks sufficient coherent factual

allegations to state a plausible claim against Ms. Pfursich.  *See Afzal v. N.J. Bd. of Med.*

*Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*)

(affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits); *see also Rode*, 845 F.2d at 1207.

>    **B.     State Law Claims**

To the extent Robertson raises claims against the Defendants under state tort law, he has not pled an independent basis for the Court's jurisdiction over those claims.[5]  District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  Since Robertson has not alleged the parties' citizenship, and provided only Pennsylvania mailing addresses for them, the Court cannot exercise diversity jurisdiction.

---

[5] Because the Court has dismissed Robertson's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

The Court will therefore dismiss any state law claims for lack of subject matter jurisdiction, without prejudice to Robertson pursuing those claims in state court.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Robertson leave to proceed *in forma pauperis* and dismiss his Complaint.  Robertson's federal claims against Mr. Pfursich will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. He will not be given leave to amend these claims because the Court concludes that amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Robertson's federal claims against Ms. Pfursich will be dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Additionally, Robertson's state law claims will be dismissed for lack of subject matter jurisdiction, without prejudice to Robertson pursuing those claims in state court if he chooses to do so.

Robertson will be given an opportunity to correct the defect in his claim against Ms. Pfursich by filing an amended complaint.  Any amended complaint must clearly describe the factual basis for his claims and how the defendant was personally involved in the alleged denial of his rights.  Robertson may not reassert a claim that has already been dismissed with prejudice, or rename a party that has already been terminated from this case.  An appropriate Order follows, which provides further instruction about amendment.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*

**JOSEPH F. LEESON, JR.**
**United States District Judge**