## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON BLAKE ROBERTSON,       : | |
|     Plaintiff,       : | |
|        : | |
| v.       : | No. 24-cv-0444 |
|        : | |
| JACQUELYN E. PFURSICH,       : | |
|     Defendant.       : | |

### MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                                  **March 22, 2024**
**United States District Judge**

Currently before the Court is the Amended Complaint of *pro se* Plaintiff Aaron Blake Robertson, a prisoner currently incarcerated at SCI Dallas, who brings this civil action based on events that occurred in his criminal case in Lancaster County. For the following reasons, the Court will dismiss Robertson's Amended Complaint.

**I.        FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

In the initial Complaint, Robertson alleged civil rights violations and state law claims based on events that occurred during his prosecution in state court. (*See* Compl. at 2, 4, 8, 9.)[2]

---

[1] The factual allegations set forth in this Memorandum are taken from Robertson's Amended Complaint (ECF No. 8) and publicly available dockets. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings)). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

[2] After entry of a negotiated guilty plea on charges of murder of the third degree and aggravated assault, Robertson was sentenced to a minimum of six years to a maximum of twelve years imprisonment. *See Commonwealth v. Robertson*, CP-26-CR-0004246-2021 (C.P. Lancaster).

Robertson asserted that his counsel in the state criminal matter, Edwin George Pfursich, misled him, causing Robertson to accept a guilty plea deal that was not in his favor.  (*Id.* at 9, 14, 18-20, 22.)  In particular, Robertson claimed that Mr. Pfursich was negligent because he missed deadlines, committed fraud by lying to Robertson, breached his fiduciary duties to Robertson, breached a contract, and withheld information from him.  (*Id.* at 14, 18-20, 22.)  Robertson also alleged that Defendant Jacquelyn E. Pfursich, the Clerk of Court in Lancaster County at the time of his criminal trial, "withheld information, an[d] was investigated for taking home high profile cases."  (*Id.* at 2, 22.)  Robertson claimed that his mental health suffered due to Mr. Pfursich's actions and that he could have taken "a lesser charge" had he been properly advised.  (*Id.* at 5, 18-19, 22.)  As relief, he sought monetary damages.  (*Id.* at 5.)

By Memorandum and Order dated February 9, 2024, the Court granted Robertson leave to proceed *in forma pauperis* and dismissed the federal claims against Mr. Pfursich with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF Nos. 5, 6.)  The Court determined that Robertson's constitutional claims against Mr. Pfursich for actions taken as defense counsel were not plausible because Mr. Pfursich was not a state actor for purposes of 42 U.S.C. § 1983.  (ECF No. 5 at 5-6.)  Robertson's federal claim against Ms. Pfursich was dismissed without prejudice for failure to comply with the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, because Robertson's allegations were far too ambiguous to proceed as pled.  (*Id.* at 6.)  Additionally, Robertson's state law claims were dismissed without prejudice for lack of subject matter jurisdiction.  (*Id.* at 7-8.)  Robertson was given leave to file an amended complaint within thirty-

days to correct the defect in his federal claim against Ms. Pfursich. On March 11, 2024, Robertson filed the Amended Complaint that is presently before the Court.[3] (ECF No. 8.)

In the Amended Complaint, Robertson names as the sole Defendant Jacquelyn E. Pfursich, who is alleged to have been the Clerk of Courts of Lancaster County at the time of Robertson's criminal prosecution there. (Am. Compl. at 4.) Robertson claims that Pfursich failed to file "the proper report" and failed to disclose evidence favorable to him. (*Id.* at 1.) He further contends that coroner's reports and "main evidence . . . dates and reports of evidence do not add up or match." (*Id.*) According to Robertson, if Pfursich did not falsify records, or disclose his hospital records or a "statement to Lancaster City police about my past[,] no murder of the third degree deal would have been in play for me to take as a charge." (*Id.* at 1-2.) Robertson also asserts that Pfursich was investigated for taking home high-profile cases in July 2022, and his was a high-profile case. (*Id.* at 2.) He again seeks monetary damages as relief. (*Id.* at 7.)

## II. STANDARD OF REVIEW

Because Robertson has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

---

[3] Robertson submitted a standard form complaint for use in prisoner civil rights cases, as well as a two-page handwritten supplement. (*See* ECF 8.) The Court will consider the documents together as comprising the Amended Complaint.

U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because the Court must construe the allegations of the Amended Complaint liberally, the Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.     DISCUSSION

####       A.     Federal Civil Rights Claim

Robertson brings a claim pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The gist of Robertson's claim is that Defendant Pfursich violated his rights when she allegedly falsified records and caused him to "take[] a charge that should have not been in play" in his criminal prosecution. (*See* Am. Compl. at 7.) Although he does not specify the evidence to which he refers, Robertson alleges that Pfursich failed to file "the proper report" and failed to disclose evidence favorable to him. (*Id.* at 1.) He also claims that coroner's reports and "main evidence . . . dates and reports of evidence do not add up or match." (*Id.*) Robertson appears to claim that if Pfursich did not falsify records, or disclose his hospital records or a statement to Lancaster City police about his past, he would not have been offered a plea deal for third degree murder, and presumably would not have accepted it. (*See id.* at 1-2.) Without further elaboration, Robertson also alleges that Pfursich was investigated for taking home high-profile cases in July 2022, and his was a high-profile case. (*Id.* at 2.)

While Robertson references numerous legal precepts in the Amended Complaint, his allegations concerning the actions of the Lancaster County Clerk of Courts during his criminal trial are best construed as raising an access to the courts claim under 42 U.S.C. § 1983. *See, e.g., Johnson v. McGinley*, 2022 WL 1297113, at *4 (M.D. Pa. Mar. 3, 2022) (inmate's allegation that the Clerk of Court failed to send out legal documents raised the "fundamental constitutional right

5

of access to the courts" embodied in the First and Fourteenth Amendment) (*citing Lewis v. Casey*, 518 U.S. 343, 346 (1996)); *see also* Compl. at 3.[4]  "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).  "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury' -- that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe*, 536 F.3d at 205 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  The right of access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415.  In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the deficiencies of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*).  In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher*, 536 U.S. at 415.

Robertson's access to courts claim is, however, barred by the "favorable termination" rule of *Heck v. Humphrey*.  512 U.S. 477 (1994).  When a plaintiff seeks damages in a civil

---

[4] Although the Amended Complaint lists several federal constitutional rights and various legal precepts as the basis for this Court's jurisdiction, (*see, e.g.,* Am. Compl. at 1-2, 6 (listing the Thirteenth and Fifteenth Amendments, as well as the Due Process clause and the Equal Protection clause)), such passing references are not sufficient to raise claims under these principles.  *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other.") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).

rights lawsuit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Commonly referred to as the "*Heck* bar," *see Wallace v. Kato*, 549 U.S. 384, 385 (2007), this rule prevents plaintiffs from bringing claims, the success of which would render a sentence or conviction invalid, unless the plaintiff can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

Robertson's access to the court's claim, which is based on Pfursich's alleged actions during the underlying state court criminal proceeding, is barred by *Heck* because success on the claim necessarily implies the invalidity of his conviction by way of a guilty plea. *See id.* at 479; *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016); *see also Saunders v. Bright*, 281 F. App'x 83, 85 (3d Cir. 2008) (*per curiam*) (allegation that court employee defendants failed to provide trial transcripts, depriving plaintiff of documents necessary to establish his innocence at retrial and direct appeal, was *Heck*-barred because relief requested could not be granted without collaterally rendering plaintiff's conviction effectively invalid); *Petlock v. Nadrowski*, No. 16-310, 2023 WL 143341, at *15 (D.N.J. Jan. 10, 2023) (plaintiff's access to the courts claim that was based on allegations that he was unable to prepare an adequate defense to the criminal charges against him would necessarily imply the invalidity of his guilty plea and were *Heck*-barred); *Carter v. Leonard*, No. 20-0070, 2022 WL 20542038, at *1 (W.D. Pa. Mar. 17, 2022) (finding access to courts claim barred by *Heck* because plaintiff could only prevail on the claim if he showed that the audio recordings he sought could make a difference in a nonfrivolous

7

challenge to his convictions (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)); *Hersh v. Chester Cnty. Clerk of Cts.*, No. 21-2615, 2021 WL 5139971, at *2 (E.D. Pa. Nov. 3, 2021) ("Claims against court personnel whose conduct allegedly draws into question the integrity of the underlying conviction are barred by *Heck*." (*citing Tedford v. Hepting*, 990 F.2d 745, 749-50 (3d Cir. 1993) (claim for damages against court staff for allegedly tampering with transcript was not cognizable in a § 1983 action "absent a successful challenge to the underlying conviction"))); *Ward v. Aviles*, No. 11-6252, 2016 WL 1461753, at *5 (D.N.J. Apr. 13, 2016) (plaintiff's access to courts claim for damages was *Heck*-barred because success on the claim would imply that his conviction was invalid, and if it did not imply invalidity, then plaintiff could not show that he suffered actual injury).

Robertson does not allege that his conviction was invalidated. To the contrary, the public docket reflects that the conviction is still valid. *See Commonwealth v. Robertson*, CP-36-CR-0004246-2021 (C.P. Lancaster). Thus, any claim Robertson seeks to assert that implies the invalidity of his intact state court conviction is not cognizable in a § 1983 action. *See Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021) ("*Heck* is clear that the favorable-termination requirement is a necessary element of the claim for relief under § 1983."). Accordingly, the Court will dismiss the access to the courts claim, without prejudice to Robertson refiling it in a new lawsuit only in the event his conviction is ultimately invalidated.

**B.     State Law Claims**

To the extent Robertson seeks to assert claims against Defendant Pfursich under state tort law, he has not pled an independent basis for the Court's jurisdiction over those claims.[5] District

---

[5] Because the Court has dismissed Robertson's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).

Robertson has not raised any allegations about the parties' citizenship and provided only Pennsylvania mailing addresses for Pfursich and himself. Since the Amended Complaint fails to allege a basis for diversity jurisdiction, any state law claims will be dismissed without prejudice for lack of jurisdiction.

### IV.     CONCLUSION

For the foregoing reasons, Robertson's federal claim against Defendant Pfursich is *Heck*-barred and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Robertson filing a new civil rights complaint only in the event his convictions are reversed,

9

vacated, or otherwise invalidated. *See Curry*, 835 F.3d at 379 (*Heck*-barred claims must be dismissed without prejudice). Any state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Robertson reasserting those claims in state court if he chooses to do so.[6] An appropriate Order follows, which dismisses this case.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[6] The Court expresses no opinion on the merits of any state law claims.